IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-19-373-6-F |
| | ) |
| CHRISTIAN BAEZA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Christian Baeza, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A).[1] Doc. no. 595. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 599. The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of the Indictment charging a drug conspiracy in violation of 21 U.S.C. § 846. The Probation Office prepared a presentence investigation report, which calculated defendant's base offense level at 36. Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(1) because he possessed a firearm; a two-level enhancement under § 2D1.1(b)(5) because the offense involved the importation of methamphetamine and defendant was not subject to a mitigating role adjustment; and a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because defendant used

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

his residence to store large quantities of methamphetamine for distribution, all resulting in an adjusted offense level of 42. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 39.

Based on his criminal history, defendant was assessed a criminal history score of six. Because defendant committed the drug conspiracy offense while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d) for a total criminal history score of eight. A criminal history score of eight established a criminal history category of IV. With a total offense level of 39 and a criminal history category of IV, defendant's guideline imprisonment range was 360 months to life.

At sentencing, the court adopted the presentence investigation report without change. The court then varied downward and sentenced defendant to a term of imprisonment of 200 months. Judgment was entered on March 23, 2021. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 (Part A), which was effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history points (status points) for committing his federal drug conspiracy offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors

in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Amended Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 597), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A of Amendment 821, defendant's status points would be eliminated, resulting in defendant having a total of six criminal history points. With a total criminal history score of six, defendant's criminal history category would be lowered from IV to III. With a total offense level of 39 and a criminal history category of III, defendant's amended guideline range would be 324 to 405 months.

However, under to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G.

3

§ 1B1.10(b)(2)(B).  Defendant's term of imprisonment of 200 months is less than the minimum of the amended guideline range of 324 to 405 months and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  As such, defendant is not eligible for a reduction of sentence under Part A of Amendment 821.

Accordingly, defendant Christian Baeza's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part A) (doc. no. 595) is **DISMISSED**.

IT IS SO ORDERED this 27th day of December, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0373p100 (Baeza).docx